NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES PHILLIP MEEK,<br><br>             Petitioner-Appellant,<br><br>  v.<br><br>JENICE ZOPAN, Probation Officer,<br>Klamath County Community Corrections; et<br>al.,<br><br>             Respondents-Appellees. | No. 17-35258<br><br>D.C. No. 6:17-cv-00227-SB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Charles Phillip Meek appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

state court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo a dismissal under the *Rooker–Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Meek's claims stemming from a prior state civil action as barred by the *Rooker–Feldman* doctrine because Meek's claims constitute a "de facto appeal" of a prior state court judgment, and are "inextricably intertwined" with that judgment. *See id.* at 1155-56 (the *Rooker–Feldman* doctrine bars de facto appeals of a state court decision); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker–Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

To the extent that Meek's claims are not barred by *Rooker–Feldman*, the district court properly dismissed these claims as *Heck*-barred, as success on these claims would necessarily imply the invalidity of Meek's conviction, and Meek has failed to allege that his conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

**AFFIRMED.**